UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Teddie L. Grant, #342172 | ) | C/A No.: 5:15-cv-00269-JMC-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| R.H. Mauney, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Teddie L. Grant ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Petitioner's Motions for Summary Judgment, ECF No. 19, 35, 41, and Respondent's Return and Motion for Summary Judgment. ECF Nos. 24, 25. On May 28, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 26. Respondent filed a Corrected Return and Memorandum of Law in Support and Response to Applicant's Motion for Summary Judgment on June 2, 2015. ECF No. 29. A second Roseboro Order was issued, ECF No. 31, and Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on August 10, 2015, ECF No. 40. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be granted.

I.        Background

Petitioner is currently incarcerated in the Livesay Correctional Institution of the South Carolina Department of Corrections ("SCDC").  In April 2009, Petitioner was indicted by an Horry County Grand Jury for trafficking in cocaine 28 to 100 grams (2009-GS-26-1559). App 3; 101-02.[1] Petitioner was also indicted in May of 2010 by an Horry County Grand Jury for trafficking in cocaine 10 to 28 grams (2010-GS-26-2370). App. 3; 103-04. On August 3, 2010, Petitioner pleaded guilty to one trafficking charge and the lesser charge of possession with intent to distribute ("PWID") cocaine base, first offense, before the Honorable Larry B. Hyman, Jr. App. 1-25. The State also agreed to dismiss "a couple of distribution warrants and a possession marijuana warrant" in conjunction with Petitioner's plea. App. 15. During his plea, Russel B. Long. Esq., represented Petitioner, and Scott A. Graustein, Esq., appeared on behalf of the State. App. 1-25. Judge Hyman sentenced Petitioner to seven years imprisonment for each conviction and instructed the sentences run concurrent. App. 24. Petitioner did not file a direct appeal of his convictions or sentences.

II.        Procedural History

On March 11, 2011, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of counsel, unlawful prosecution, Denial of "Rule 5" (Discovery, Brady). App. 26-35. In Attachment A, Petitioner elaborated on the three issues he raised in his Application. App. 33-35. On April 11, 2011, the State filed a Return and requested an evidentiary hearing. App. 36-39. An evidentiary hearing was conducted before the Honorable George C. James on January 25, 2012. App. 41. Petitioner was present and represented by

---

[1] Citations to "App." refer to the Appendix for Petitioner's plea transcript and Post-Conviction Relief Proceeding documents. That appendix is available at ECF Nos. 25-1 in this habeas matter.

Charles J. Webb, Esq., and Assistant Attorney General Christina J. Catoe represented the State.

*Id.* Petitioner, and his plea attorney, Russell B. Long, testified at the PCR hearing. App. 41-92.

In an Order dated March 30, 2012, the PCR court denied Petitioner's PCR Application in full, finding Petitioner made the following allegations and making the following findings of fact and conclusions of law, quoted verbatim:

### ALLEGATIONS

In his Application, Mr. Grant alleged that his custody was unlawful for the following reasons:

(1)    Ineffective assistance of counsel:
  a.  Was told by counsel and judge that sentence would be non-violent 41/65% sentence;
  b.  Insufficient meetings with attorney;
  c.  Attorney promised sentence of less than 7 years; and
  d.  No appearance at preliminary hearing;

(2)    Unlawful prosecution – conviction based on less than proof beyond a reasonable doubt – drugs were not found on Applicant's person and residence was not Applicant's residence;

(3)    Denial of Rule 5 (Discovery, Brady) – never received Rule 5 prior to guilty plea.

<u>Summary of PCR Hearing</u>

At the PCR hearing, this Court had before it the Applicant's PCR file, including all pleadings filed, the records of the Horry County Clerk of Court regarding the convictions, the Applicant's records from the South Carolina Department of Corrections, and the guilty plea transcript. This Court carefully listened to all of the testimony presented at the hearing and weighed the same according to credibility.

At the PCR hearing, the Applicant contended that he met with his plea attorney, Russell Long, only three times prior to his plea, and that he and his family tried to contact counsel by phone but were never able to talk to him. The Applicant claimed that, prior to his guilty plea, counsel advised him that his seven-year sentence would be a "non-violent" 65% sentence; that he would serve 41% after six months; and that he would not be subject to any supervision upon release from custody. He stated that counsel did not advise him that the seven-year sentence would be an 85% sentence or that his sentence was designated as "violent." He stated that he learned this information after he went to prison. The Applicant stated that he did not recall the plea judge telling him the sentence would be an 85% sentence. In fact, the Applicant claimed that Judge Hyman informed him,

although possibly off-the-record, that the sentence would be a "non-violent" 65% sentence and that he would serve 41% after six months.[1]

The Applicant stated that he never possessed any drugs on his person, did not live at the house where the drugs were found,[2] and lawfully possessed a large amount of cash because he was planning to pay off some bills that day. The Applicant testified that he did not have a full understanding of charges or his discovery at the time he entered his plea, but that counsel told him not to say anything at the plea that might cause him to get more time. The Applicant stated that if he had a full understanding of what pleading guilty meant; if he had known what was in his discovery; and if he had known his sentence would be violent and 85%, he would not pled guilty but would have gone to trial.

Russell B. Long, Esquire, testified that he was retained to represent the Applicant on five drug charges. Counsel testified that he was not able to attend a preliminary hearing for the Applicant because he was hired about ten months after the time for a preliminary hearing expired. Mr. Long stated that (sic) had previously represented the Applicant in a drug trafficking trial, and the jury acquitted the Applicant on that charge. Counsel testified that he met with the Applicant at least a dozen times and fully discussed the five charges with him. Counsel also advised the Applicant that if the State convicted him on all the drug charges that were then pending, he was facing the possibility of eighty years in prison.

Counsel testified that he did not feel that using an investigator would have been helpful in this case. Counsel explained that the charges arose after a confidential informant purchased drugs from the Applicant at a residence where the Applicant was staying. The police obtained a search warrant for the residence based upon this undercover buy. Counsel considered and discussed with the Applicant the possibility of filing a pre-trial suppression motion based upon issues with the confidential informant, issues with missing buy money, and/or issues with the search warrant. Counsel and the Applicant also discussed the law regarding actual and constructive possession, and counsel believed that the Applicant understood these issues because he was previously tried (and found not guilty) on a trafficking charge. They also discussed issues that could possibly be raised regarding the fact that the Applicant officially resided at a home different from the one where the search warrant was executed. However, counsel stated that, if he made a suppression motion and it was denied, the State had a strong case against the Applicant. Counsel fully advised the Applicant as to his options with respect to pleading guilty or going to trial. Counsel stated that he discussed all relevant aspects of the discovery with the Applicant, but probably did not give him a copy of the discovery unless the Applicant specifically asked for one. Counsel stated he did not feel that if would necessarily be helpful for the

---

[1] This claim is wholly unsupported by the plea transcript.

[2] At the guilty plea, he admitted that he was staying at the residence with a female. (Plea Transcript, p. 12, lines 10-23).

Applicant to have a copy, although he never prevented the Applicant from looking through the materials.

Counsel advised the Applicant prior to his plea that his sentence would be an 85% "violent" sentence, in any event, the Applicant was fully aware of this already because of his previous trafficking charge. Counsel never told the Applicant that he would serve 65% of his sentence and then 41% after six months. Counsel testified that the initial plea offer was for fifteen years, but he was eventually able to get it down to seven years, which was the mandatory minimum sentence for trafficking in cocaine, 28-100 grams, first offense. Although the plea was not labeled a "negotiated plea" on the record, counsel and the solicitor met with the judge in chambers prior to the plea and counsel knew that the judge would impose a seven-year sentence. Counsel advised the Applicant that he would receive a seven-year sentence. Counsel stated that the Applicant was allowed to plead guilty to first-offense charges even though he did have prior drug charges on his record. Counsel testified that the Applicant did fully understand the terms of his guilty plea, although he was not happy about going to prison and wanted to "avoid the truth" about the time he was facing.

Set forth below are the relevant findings of facts and conclusions of law, as required by S.C. Code Ann. § 17-27-80 (2003):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court finds that counsel's testimony at the PCR hearing, in conjunction with the guilty plea transcript, refutes all of the Applicant's claims of ineffective assistance of counsel. This Court finds no credible evidence of any ineffective assistance of counsel that rendered the Applicant's plea involuntary. In particular, this Court finds that the Applicant's testimony that he was provided incorrect advice regarding his parole eligibility by his attorney, and by Judge Hyman, was not credible, nor was his testimony that he only met with counsel three times prior to his guilty plea. Counsel's testimony was more credible on these issues and all of the other issues raised by the Applicant. Further, this Court finds that the Applicant pled guilty because he was guilty and because he wanted to take advantage of the mandatory minimum sentence of seven years and avoid exposure to a much higher sentence. This Court finds that no persuasive reasons were presented showing why the Applicant should be allowed to depart from the truth of the statements he made at his guilty plea. See Crawford v. U.S., 519 F.2d 347 (4th Cir. 1975); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976).

In his PCR application, Mr. Grant also made allegations regarding "unlawful prosecution" and denial of Rule 5 and Brady discovery. Based upon the testimony at the PCR hearing, this Court finds that the Applicant failed to prove that his prosecution was unlawful in any way and failed to prove any discovery violations.

## CONCLUSION

In sum, this Court finds that the Applicant failed to prove any entitlement to post-conviction relief. Accordingly, the PCR Application must be denied and dismissed with prejudice for failure to meet the burden of proof under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Butler v. State</u>, 286 S.C. 441, 334 S.E.2d 813 (1985).

Counsel's attention is directed to <u>Marler v. State</u>, 375 S.C. 407, 653 S.E.2d 266 (2007), and Rule 59(e), SCRCP, regarding the filing of a Motion to Alter or Amend should counsel believe this Order fails to adequately address all issues raised as required by S.C. Code Ann. § 17-27-80 (2003). This Court further advises that if Applicant desires to secure appellate review of this Order, a notice of appeal must be filed and served **within thirty (30) days** of the service of this Order. Applicant and counsel are directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of appeal has been timely filed.

**IT IS THEREFORE ORDERED THAT:**

1. The Application for post-conviction relief is **DENIED and DISMISSED with PREJUDICE.**

2. The Applicant must remain in the custody of the State for completion of his sentence.

App. 95-100. Petitioner, represented by Appellate Defender Robert M. Pachak, filed a *Johnson*[2] Petition for Writ of Certiorari, dated August 24, 2012. ECF No. 25-2. The sole issue presented, quoted verbatim, was: "Whether plea counsel was ineffective in giving petitioner incorrect sentencing advice?" *Id.* at 3. Petitioner also filed a pro se Response to the *Johnson* petition, ECF No. 25-3, and a Supplemental Pro Se *Johnson* Brief, ECF No. 25-4. After the matter was transferred to the South Carolina Court of Appeals, on September 30, 2014, the court denied the Petition for Certiorari. ECF No. 25-5. The Remittitur was issued on October 17, 2014. ECF No. 25-6. This habeas Petition followed on January 21, 2015. ECF No. 1.

   III.     Discussion

        A.  Federal Habeas Issues

---

[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus as stated verbatim:

> GROUND ONE:  Ineffective Assistance of Counsel
> Supporting Facts:  Counsel failure to investigate.  Counsel failure held a preliminary hearing. Counsel failure to suppressed evidence, the counsel slander of his client and prejudice statements made by the counsel. ECF No. 1 at 5.

> GROUND TWO:  Denial of Rule 5 (Discovery, Brady)
> Supporting Facts:  The counsel denial of the Defendant's Rule 5 Discovery prior to guilty plea. *Id.* at 7.

> GROUND THREE:  Lacked subject matter jurisdiction.
> Supporting Facts:   The Defendant's conviction was based on an invalid indictment and the Amended Indictment that had been amended unlawfully. The Defendant is permitted to challenge indictment on grounds it failed to establish jurisdiction or state an offense at any time. *Id.* at 8.

> GROUND FOUR:  Unlawful Prosecution.
> Supporting Facts: The Prosecutor's conviction of the Defendant was without probable cause and Personal Jurisdiction of the Defendant. *Id.* at 10.

Petitioner supplemented Grounds One through Four in an attachment to his Petition. *See* ECF No. 1-1. Additionally, Petitioner attached eight exhibits to his Petition and Supplement including: an Investigative Report, a search warrant affidavit, portions of his guilty plea colloquy, indictments against him, a letter from Horry County Clerk's Office, a regional drug analysis report, an arrest warrant, and the Order denying him PCR. ECF Nos. 1-1 to 1-8.

### B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an

unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

      (A)    the applicant has exhausted the remedies available in the courts of the State; or

      (B)    (i) there is an absence of available State corrective process; or

          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the

judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Respondent argues that Grounds Three and Four in Petitioner's habeas Petition are procedurally barred. ECF No. 29 at 15-20. Specifically, Respondent maintains that Ground Three was not raised in a direct appeal, and Petitioner failed to raise Ground Three to the PCR court's attention, and it was not addressed in the PCR Order of Dismissal. *Id.* Concerning Ground Four, Respondent argues similarly and represents that "at his PCR hearing, Petitioner introduced no evidence on this Ground; the PCR Court did not address this issue except to find there was absolutely no evidence to support any unlawful prosecution claim, and Petitioner did not file a Rule 59 Motion to have this issue addressed by the PCR Court." *Id.* at 18. Petitioner did not

specifically respond to Respondent's procedural-bar arguments in his Response brief. *See* ECF No. 40.

The undersigned has reviewed Petitioner's PCR application and the transcript of the PCR hearing and observes that the subject matter jurisdiction argument Petitioner raises in Ground Three was not raised in Petitioner's application, *see* App. 26-35, nor was it presented to the PCR court during the PCR hearing, s*ee* App. 41-92. The undersigned has also reviewed the PCR court's Order of Dismissal and finds that Petitioner's Ground Three claim was not ruled on by the PCR court. *See* App. 93-100 (where the PCR court addressed Plaintiff's allegations of "(1) ineffective assistance of counsel;" "(2) Unlawful prosecution;" and "(3) Denial of Rule 5 (Discovery, Brady)". Therefore, Ground Three issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred).

Upon review, the undersigned finds that Petitioner raised Ground Four, unlawful prosecution, in his PCR Application, *see* App. 30. Furthermore, the PCR court acknowledged that this specific ground was before the court in its order of dismissal. *See* App. 95. However, Ground Four was not raised on PCR appeal in either the *Johnson* petition, Petitioner's pro se Response to the *Johnson* Petition, or Petitioner's supplemental pro se *Johnson* Brief. *See* ECF Nos. 25-2; 25-3; 25-4. Therefore, Ground Four is also procedurally barred from habeas review. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Matthews v. Evatt*, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."); *Barner v. Reynolds*, No. CA

1:09-3233-RBH-SVH, 2011 WL 767126, at *5 (D.S.C. Jan. 21, 2011) *report and recommendation adopted*, No. CA 1:09-3233-RBH, 2011 WL 767121 (D.S.C. Feb. 25, 2011) ("Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim."). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the habeas claim delineated in Ground Four in his habeas Petition.

Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488. Having reviewed the record evidence and the parties' legal memoranda, the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claims. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* Here, Petitioner pleaded guilty to the charges against him. App. 1-25. In light of the guilty plea colloquy, Petitioner cannot show actual innocence. The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Grounds Three and Four. [3]

> 2. Ineffective Assistance of Counsel—Failure to Investigate; Failure to hold a preliminary hearing; failure to suppress evidence (Ground One)

Petitioner contends that he was denied effective assistance of counsel because his plea counsel accepted the prosecutor's version of events which "was not based on an adequate or reasonable investigation." ECF No. 1-1 at 1. Furthermore, Petitioner maintains that plea counsel did not investigate the unknown confidential informant to determine whether the Magistrate Judge had sufficient information to find probable cause. *Id.* Moreover, Petitioner maintains plea counsel failed to investigate the chain of custody for evidence and failed to hold a preliminary hearing. *Id.* at 1-2.

Respondent argues that Ground One is meritless because the PCR court's decision on the issue is fully supported by the record. ECF No. 29 at 27-28. In response to this argument,

---

[3] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on the merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Grounds Three and Four.

Petitioner makes many of the same assertions that he made in his habeas Petition. ECF No. 40. Petitioner argues that plea counsel's deficient performance prejudiced Petitioner because it was plea counsel's "intent to prove [] Petitioner was guilty or convince himself that [] Petitioner was guilty which is supported by the record." *Id.* at 10. Moreover, Petitioner represented that he "would rather go to trial with knowledge [that] the state[']s alleged and insufficient evidence would have been inadmissible at trial, the outcome of the trial would have been different." *Id.* at 22.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In rejecting Petitioner's application for post-conviction relief on ineffective-assistance-of-counsel grounds, the PCR court found:  "[plea] counsel's testimony at the PCR hearing, in conjunction with the guilty plea transcript, refutes all of [Petitioner's] claims of ineffective assistance of counsel." App. 98. Moreover, the PCR court found:

> [Petitioner pleaded] guilty because he was guilty and because he wanted to take advantage of the mandatory minimum sentence of seven years and avoid exposure to a much higher sentence. This Court finds that no persuasive reasons were presented showing why the Applicant should be allowed to depart from the truth of the statements he made at his guilty plea.

App. 99. Furthermore, the PCR court found that Petitioner's testimony was not credible and plea counsel's testimony was credible. *See id.* Specifically, the PCR court found that Petitioner's testimony—"that he only met with counsel three times prior to his guilty plea"—was not credible. *Id.* Therefore, the PCR court determined that petitioner "failed to prove any entitlement to [PCR]." *Id.* The PCR court found that plea counsel "met with [Petitioner] at least a dozen times and fully discussed the five charges with him." App. 97. During the PCR hearing, plea counsel's testimony corroborated this finding. *See* App. 45. Additionally, plea counsel testified that the State offered Petitioner fifteen years, but then he "worked [at] negotiating [them] down [and] having them reduce the charges down to a lower level trafficking so that he could, we could get in the range of seven to twenty [years]." *Id.* After discussing the initial offer with Petitioner, plea counsel testified, "we came back and negotiated a plea to the bottom of that reduced sentence range so he instead of, instead of twenty-five to thirty years on the, on the biggest trafficking they reduced that down to the seven to twenty-five years trafficking, and then we negotiated to pleading to the absolute minimum of seven years." *Id.* at 45-46.

When asked if he believed Petitioner understood the terms of the plea agreement, plea counsel responded:

> I think he understood, I don't think he wanted to understand. [Petitioner] didn't, it was a, he wanted to avoid the truth in that, in that respect, and, and I don't blame him. I mean he was signing up to go to jail for a big portion of seven years, but I do believe he, I mean I tried hard to make sure that he did understand me.

App. 47. Later, when asked again if he believed whether Petitioner fully understood the plea agreement, plea counsel testified that he thought Petitioner "understood everything that [they did]." App. 58.

When asked about what sort of investigations he did on Petitioner's behalf, plea counsel testified he did none in this case because:

> [T]his was a drug case that was based on a confidential informant [CI] making a buy from [Petitioner]. That [CI] information was then taken to a judge where a judge signed a search warrant. The information was that the [CI] had been surveillanced on and made a call and made a purchase of cocaine from an address, so a search warrant was issued for that address and also that [Petitioner] was the one that sold it to him. They got a search warrant for that address based on that; they executed the search warrant and that's how these trafficking charges got brought. There was nothing to investigate there. You know the issues of leading up to and what I would discuss with [Petitioner] is we may have question about the [CI], we may have questions about the warrant, the search warrant that is, and then you know, we always have jury questions about real possession, constructive possession, and all that, but that was a risk that we run. If we decide that we're not going to take this offer and take the seven years, if we say no to that then we're back in court on a pretrial suppression hearing hoping that we can win this case rather than go to trial and face twenty-five to thirty [years].

App. 48-49. plea counsel testified that he believed the State had a strong case against Petitioner based on the CI testimony and the evidence found as result of executing the search warrant. App. 51. Additionally, plea counsel testified that if all the evidence were to be admitted then "the odds of [all the evidence being admitted was] pretty good [and Petitioner] didn't have a very good case." App. 52.

When asked about whether he requested or represented Petitioner at a preliminary hearing, plea counsel testified he could not have because he was hired in December of 2009, and

Petitioner had been arrested in February of 2009, so "[t]he time to request a preliminary hearing had passed." App. 53. Finally, plea counsel testified

> I can't imagine doing much better than he faced 80 years was his total exposure on third drug offenses. I'm afraid [Petitioner] thought because we were successful one time before that maybe it was going to go that way but I don't think we would have done any better than the seven years based on what he was charged with.

App. 59.

During the guilty plea colloquy, Petitioner indicated he was guilty and understood the constitutional rights he was waiving by entering his guilty plea. App. 6-24. Additionally, Petitioner testified that he was staying at the residence where drugs were found but that it was not his place but his friend's place. App. 12. Further, Petitioner also testified that he was satisfied with plea counsel's representation and thought entering the plea was in his best interest. App. 17-18.

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting Petitioner's ineffective-assistance-of-counsel claims, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, the PCR court found trial counsel's testimony to be credible and implicitly found Petitioner not to be credible. App. at 99. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003). Petitioner has failed to demonstrate that that the PCR court unreasonably misapplied the *Strickland/Hill* test concerning his allegations that plea counsel failed to investigate; failed to hold a preliminary hearing; and failed to suppress evidence. Further, Petitioner has not clearly shown that the PCR court's credibility determinations were without support. *See Elmore v.*

*Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) and *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).   Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground One.

3.   Rule 5 (Ground Two)

In Ground Two, Petitioner argues that he entered his guilty plea without his discovery materials, which he contends is a *Brady* violation. ECF No. 1-1 at 6. Petitioner maintains that the discovery materials would have helped him know the sufficiency of the State's evidence, and had counsel provided him with the information of unwarranted governmental intrusions, he would have gone to trial rather than taking the guilty plea. *Id.* at 7. Respondent argues Ground Two is meritless and that the PCR court's determination on this issue is entitled to deference. ECF No. 29 at 38-41.

In its order, the PCR court found:   "In his PCR application, [Petitioner] also made allegations regarding 'unlawful prosecution' and denial of Rule 5 and <u>Brady</u> discovery. Based upon the testimony at the PCR hearing, this Court finds that the Applicant failed to prove that his prosecution was unlawful in any way and failed to prove any discovery violations." App. 99.

During the PCR hearing, plea counsel testified that he was unsure as to whether or not he gave Petitioner an actual copy of the discovery materials but he assumed he did not. App. 50-51. Specifically, he testified that he did not think Petitioner's review of the investigative report, warrants, or picture of cocaine found would help the case. App. 50. However, plea counsel testified that he went over Petitioner's discovery with him and "there's no way that [he] kept [Petitioner] from looking at his discovery." *Id.* Turning to the guilty plea colloquy, when asked

by the plea court whether Petitioner and plea counsel had received and reviewed discovery in the case, plea counsel responded "at length." App. 5. Petitioner responded affirmatively when specifically asked whether he had an opportunity to review the evidence the State had against him. *See id.*

The undersigned finds that habeas relief is not warranted because the PCR court did not incorrectly apply federal law when evaluating Petitioner's Ground Two or make a decision that was based on an unreasonable determination of the facts. Rather, the facts indicate that the State provided Petitioner with the evidence against him and plea counsel reviewed the Rule 5 discovery with Petitioner. Furthermore, this credibility finding by the PCR court is entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003). Further, Petitioner has not clearly shown that the PCR court's credibility determinations were without support. *See Elmore v. Ozmint*, 661 F.3d at 850 (4th Cir. 2011). Because this court cannot conclude that the PCR court's determination on the issue was contrary to, or an unreasonable application of, clearly established federal law, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Two.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be GRANTED and the habeas Petition be DISMISSED with prejudice.[4]

---

[4] Petitioner filed three Motions for Summary Judgment. Two Motions requested the court grant summary judgment in his favor on all claims raised in his Petitioner, ECF Nos. 19, 41, and one was a "Motion for Summary Judgment for an order granting production of evidence requested by the Petitioner," ECF No. 35. Based on the above analysis, the undersigned recommends that Petitioner's Motions for Summary Judgment, ECF Nos. 19, 35, 41, be denied.

IT IS SO RECOMMENDED.

November 16, 2015                                    Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**