# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Teddie L. Grant, #342172, ) | |
| ) | Civil Action No.: 5:15-cv-00269-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| R.H. Mauney, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Teddie Grant ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel, denial of Rule 5 discovery, lack of subject matter jurisdiction, and unlawful prosecution. (ECF No. 1.) This matter is before the court on motions for summary judgment filed by Petitioner (ECF Nos. 19, 35, 41) and Respondent's Motion for Summary Judgment (ECF No. 24).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani West, for pre-trial handling. On November 16, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 48.) This review considers Petitioner's Objections to Report and Recommendation ("Objections"), filed December 4, 2015. (ECF No. 50.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 48.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

1

Petitioner is currently incarcerated at the Manning Correctional Institution[1] within the South Carolina Department of Corrections ("SCDC"). (ECF No. 53).

In April of 2009, the Horry County Grand Jury issued an indictment charging Petitioner with trafficking in cocaine 28 to 100 grams. (ECF No. 48 at 2). Subsequently, in May 2010, Petitioner was indicted by a Horry County Grand Jury for trafficking in cocaine 10 to 28 grams. (ECF No. 48 at 2). On August 3, 2010, Petitioner entered a guilty plea to one trafficking charge and the lesser included charge of possession with intent to distribute cocaine base, first offense. The Honorable Larry B. Hyman, Jr., accepted Petitioner's plea and sentenced Petitioner to seven years imprisonment for each conviction. (*Id.*). Further, Judge Hyman ordered that the sentences would run concurrently. (*Id.*) On March 11, 2011, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was denied on March 30, 2012, following an evidentiary hearing. (*Id.* at 3). Petitioner filed a *Johnson*[2] Petition for Writ of Certiorari on August 24, 2012, which the South Carolina Court of Appeals denied on September 30, 2014. (*Id.* at 6)

Petitioner filed the instant habeas Petition on January 21, 2015, alleging four grounds for relief: (1) ineffective assistance of counsel for failure to investigate and request a preliminary hearing, (2) denial of Petitioner's Rule 5 discovery prior to guilty plea, (3) lack of subject matter jurisdiction due to insufficient indictment, and (4) unlawful prosecution because the State lacked probable cause and personal jurisdiction over Petitioner. (ECF No. 1 at 6-11). Petitioner filed a Motion for Summary Judgment on May 4, 2015. (ECF No. 19). Respondent filed a Motion for Summary Judgment and Return and Memorandum of Law in Support of Motion for Summary Judgment on May 27, 2015. (ECF Nos. 24, 25). Subsequently, Respondent filed a Corrected

---

[1] At the time of filing, Petitioner was incarcerated at the Livesay Correctional Institution.
[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Return and Memorandum of Law in Support of Motion for Summary Judgment.  (ECF No. 29).  On June 4, 2015, the court entered an order pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 30).  Petitioner filed a response in opposition on August 8, 2015.  (ECF No. 40).  Petitioner also filed two additional motions for summary judgment.  (ECF Nos. 35, 41).

On November 16, 2015, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 48.)  The Magistrate Judge found that Grounds Three and Four are procedurally barred because Petitioner failed to raise them properly throughout earlier stages of review. (*Id.* at 13).  Specifically, the Magistrate Judge found that Ground Three was not raised on a direct appeal, Petitioner failed to raise it in his original PCR, and it was not addressed in the court's PCR order. (*Id.*)  Further, the Magistrate Judge found that although Petitioner did raise Ground Four in his PCR petition and that it was briefly discussed by the court in the PCR order, Petitioner failed to raise Ground Four in the *Johnson* petition appealing the PCR decision.  Accordingly, the Magistrate Judge found that Petitioner did not exhaust his state law remedies with respect to Ground Four, which prevents this court from reviewing the claim. (*Id.* at 14-15).  The Magistrate Judge also determined that Petitioner could not demonstrate prejudice for the default or that a miscarriage of justice would result from the court's failure to review Petitioner's procedurally defaulted claims. (*Id.* at 15).

With respect to Ground One—ineffective assistance of counsel—the Magistrate Judge determined that Petitioner cannot demonstrate that the PCR court unreasonably misapplied the law in rejecting Petitioner's claims for ineffective assistance of counsel.  Further, the Magistrate Judge determined that Petitioner could not demonstrate that the PCR court made objectively unreasonable factual findings.  The PCR court determined that plea counsel's testimony at the PCR

3

hearing and the transcript of the guilty plea demonstrated that Petitioner's claims of ineffective assistance of counsel were without merit. (*Id.* at 18). The Magistrate Judge determined that Petitioner knowingly and voluntarily entered a guilty plea that was in his best interest, and that Petitioner had previously stated on the record that he was satisfied with his counsel's representation. (*Id.*) Thus, the Magistrate Judge found that Petitioner failed to carry his burden demonstrating that the PCR court misapplied the law regarding ineffective assistance of counsel.

Finally, the Magistrate Judge determined that Petitioner cannot demonstrate that the PCR court's findings with respect to Ground Two were without support. (*Id.* at 22). In Ground Two, Petitioner alleges that he entered his guilty plea without understanding the sufficiency of the State's evidence because his counsel did not allow him to review the discovery materials. During the PCR evidentiary hearing, plea counsel testified that he did not give Petitioner an actual copy of the discovery materials because he did not think it would be helpful; however, plea counsel testified that he did go over the discovery with Petitioner and did not prevent Petitioner from looking at discovery. (*Id.* at 21). The Magistrate Judge also noted that during the plea colloquy, Petitioner informed the court that he had an opportunity to review the evidence the State had against him. (*Id.*) The facts indicate that the State provided Petitioner with the evidence it had against him and that his plea counsel reviewed the evidence with Petitioner. (*Id.*) Thus, the Magistrate Judge determined that the PCR court's application of federal law when evaluating Ground Two was not unreasonable.

Petitioner timely filed his Objections on December 4, 2015. (ECF No. 50.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections, largely consisting of detailed explanations of relevant case law pertaining to the sufficiency of the State's evidence against Petitioner. Essentially,

Petitioner contends that the Magistrate Judge was incorrect in determining that Petitioner has not demonstrated prejudice or actual innocence. (ECF No. 50 at 21). Petitioner contends that he has demonstrated that his conviction was unconstitutional. (*Id.* at 20). Specifically, Petitioner asserts that there was insufficient probable cause to execute the search warrant which led to his arrest, and as a result, all of the evidence gathered and presented before the Grand Jury to indict Petitioner was "tainted". (ECF No. 50 at 13). Accordingly, Petitioner maintains that the indictment is insufficient, so the court did not have subject matter jurisdiction over Petitioner's case. (ECF No. 50 at 20). Finally, Petitioner asserts that his attorney was ineffective for failing to require the State to produce sufficient evidence, such as video surveillance, and for failing to file a motion to suppress prior to the entry of Petitioner's Plea.

Although Petitioner has outlined his objections to the Report in great detail, Petitioner has failed to demonstrate how the Magistrate Judge's reasoning is incorrect. Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error.

Petitioner contends that he has demonstrated his conviction was unconstitutional by outlining the alleged errors committed by the State and his trial counsel. Petitioner insists that there was not sufficient probable cause to support his indictment nor sufficient evidence to support his conviction. However, Petitioner entered a guilty plea. Petitioner does not allege that the entry of his guilty plea was constitutionally inadequate. As a result, any claims regarding the sufficiency of the evidence or counsel's inaction prior to the guilty plea is moot. *See Tollett v. Henderson*, 411 U.S. 258, 267(1973) ("When a criminal defendant has solemnly admitted in open court that

he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.").  Because Petitioner's guilty plea was not constitutionally deficient, Petitioner's claims regarding counsel's failure to provide Petitioner with Rule 5 discovery or to conduct any pretrial investigations are moot.  Accordingly, the Magistrate Judge properly found that Respondent's Motion for Summary Judgment should be granted with respect to Grounds One and Two.

Furthermore, the Magistrate Judge properly found that Grounds Three and Four were procedurally barred because they were not properly raised during prior proceedings. Even if the claims were not procedurally barred, Petitioner's claim that the allegedly invalid indictment deprived the Horry County court of subject matter jurisdiction would still fail.  The claim is not cognizable on federal review. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (noting that when the alleged error is a violation of State procedural rules, the issue is not appropriate for federal habeas corpus relief).  Furthermore, even if Petitioner's assertion regarding the defectiveness of the indictment is correct, the error in the document did not deprive the court of subject matter jurisdiction over the claims against Petitioner.  See *United States v. Cotton*, 535 U.S. 625, 631 (2002) (holding that a defective indictment does not deprive a court of jurisdiction).  Thus, this court finds that the Magistrate Judge was correct in concluding that Respondent is entitled to summary judgment with respect to Grounds Three and Four.  Accordingly, this court adopts the recommendation of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 48). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 24) is **GRANTED**. Petitioner's motions for summary judgment (ECF Nos. 19, 35, 41) are **DENIED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 17, 2016
Columbia, South Carolina